# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO. 3:15-CR-302-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| SHAMONE SHANTE BLACK, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant Shamone Shante Black's "Joint Motion to Sever Counts and Defendants Incorporated Memorandum of Law," (document #89) filed June 6, 2016 and the Government's "Response to Defendant's Motion to Sever," (document #90) filed June 16, 2016.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant's "Joint Motion to Sever Counts and Defendants Incorporated Memorandum of Law," (document #89)," should be DENIED, as discussed below.

On May 20, 2016, Defendant was arraigned on a six-count Superseding Indictment (document #75). Defendant is charged in counts five and six. The charges in the Superseding Indictment arise from a series of three robberies and attempted robberies allegedly planned and committed by Defendants and other unindicted individuals during October and November 2015. (Superseding Indictment, Doc. 75). The allegations may be summarized as follows:

- On October 5, 2015, the manager of the McDonald's where Defendant Black worked was robbed while attempting to transport cash receipts from the restaurant to a nearby Bank of America for deposit. The robber, who was disguised in a black ski mask, stole some of the manager's personal property but was unsuccessful in obtaining the cash

deposit. The Government alleges that Defendants Black and Bost communicated about certain details of the attempted robbery on October 4 and 5, including when the "drops" were going to be made and the need to obtain a rental car to "make sumn shake." (Count 5)

- One week later on October 12, 2015, the same manager was shot and robbed in the parking lot of Bank of America while attempting to deposit McDonald's cash receipts. The shooter was wearing a black ski mask, shot the victim with a 9mm handgun, and fled along with a getaway driver in a rental car. On October 11, Defendants Black and Bost communicated about Bost "Looking 4 a car," and, on October 12, Bost texted Black immediately after the robbery that he "Got him" and told her to go to his "mamas" right away. (Counts 5 and 6)

- Less than a month later on November 10, 2015, Defendants Bost, Edwards, and two others robbed a Wells Fargo bank branch. The robbers, at least two of whom were armed with handguns, were disguised in black masks and ski masks. The robbers fled from law enforcement in rental cars after leaving the bank in a stolen car. In the hours after the robbery, Defendants Bost and Black communicated about the robbery and the arrest of one of the participants. In texts similar to the exchange after the robbery and shooting on October 12, they referenced Bost's "moms" or "mama house." When law enforcement arrested Bost two days after the robbery, they found a 9mm handgun under a bed in the room he occupied. (Counts 1–4)

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). Thus, "[t]he test for joinder under Rule 8(b) is whether the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions.'" United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978) (quoting Fed. R. Crim. P. 8(b)). In those instances "[w]here the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series." Id. The Fourth Circuit has "'defined 'transaction' flexibly, as implying a connection or logical relationship rather than immediateness.'" United States v. Haney, 914 F.2d 602, 606 (4th Cir. 1990)(quoting United States

v. LaRouche, 896 F.2d 815, 830 n.5 (4th Cir. 1990)). Likewise, although not defined in the Rule, the Fourth Circuit has held that a "series of acts or transactions" "logically includes those transactions so interconnected in time, place and manner as to constitute a common scheme or plan." Santoni, 585 F.2d at 673.

Where separate acts are sufficiently related in terms of time, place, and manner so as to constitute part of the same series of acts or transactions, joinder is justified even where the Government has not included a conspiracy count charging all defendants in the case. See e.g., Haney, 914 F.2d at 606–07 (two robberies and the participants were "sufficiently related" to justify joining a defendant with the others, even though she was not charged in all of the robberies); United States v. Williams, 553 F.3d 1073, 1078–79 (7th Cir. 2009) ( defendant who was charged along with co-defendants in some but not all of a series of ten robberies was properly joined under Rule 8(b) where the robberies were part of the same series of acts or transactions and defendant was charged with conspiracy to commit armed robbery); cf. United States v. Corbett, 2007 WL 4287751, at *1 (W.D.N.C. 2007) (denying motion to sever counts under Rule 8(a), where defendant was charged with conspiracy to commit a series of business robberies along with a co-defendant who was involved in some but not all of the robberies, as well as in two bank robberies that were outside the time frame of the conspiracy).

The Court finds that the offenses charged in Superseding Indictment share the requisite "connection or logical relationship" to justify joinder of all Defendants under Rule 8(b). See Haney, 914 F.2d at 606. The acts all occurred in Charlotte within a short period of time—over five weeks in October and November 2015. Although the McDonald's attempted robbery and robbery involved a different victim from the bank robbery, the offenses were substantially similar to satisfy the "flexib[le]" definition of "the same series of acts or transactions" adopted by the Fourth Circuit.

Id. Specifically, all of the robberies involved a similar disguise and the use of rental cars. The McDonald's robbery on October 12 and the bank robbery on November 5 both involved the use of a 9mm handgun. Defendants Bost and Black had similar communications before and after all three robberies. Given the short time frame and similarities, the Court finds that joinder is proper under Rule 8(b).

> Federal Rule of Criminal Procedure 14(a) provides:
>
> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a). "In deciding whether to grant a Rule 14 motion, the district court is given broad discretion in weighing the inconvenience and expense to the government and witnesses in conducting separate trials against the prejudice to the defendants caused by a joint trial." United States v. Smith, 44 F.3d 1259, 1266-7 (4th Cir. 1995). "The district court's decision to grant or deny a motion for severance will be overturned only for a clear abuse of discretion. Such an abuse of discretion will be found only where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (quotation omitted). It is the defendant's burden to show "that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1079-80 (4th Cir. 1993).

The Supreme Court has held that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). There are several reasons for this preference. Joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. Joint trials also promote "economy and efficiency" and help the Court and litigants "avoid a multiplicity of trials." Id. at 540. The Fourth

Circuit reiterated, "[w]e adhere to the general principle that when defendants are indicted together, they should be tried together." United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (quoting United States v. Singh, 518 F.3d 236, 255 (4th Cir. 2008).

Defendant Black fails to make the requisite showing of prejudice to justify severance under Rule 14. She has not forecast any conflicting defenses or otherwise shown that a joint trial will result in a miscarriage of justice. See United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002) (explaining that to justify severance on the basis of antagonistic defenses defendant must show "such a sharp contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other"). Instead, she merely posits that there will be more evidence introduced against Defendants Bost and Edwards because of their involvement in the Wells Fargo bank robbery. Even if this proves correct, the Fourth Circuit has made clear that "severance is not justified based on the mere disparity of the evidence adduced against individual defendants." United States v. Allen, 491 F.3d 178, 189 (4th Cir. 2007). And there is no reason to believe that a jury will be unable to consider the evidence against each defendant separately and render a fair verdict in this case. Regardless, as the Supreme Court has recognized, the risk of prejudice from a joint trial will ordinarily be mitigated by the "less drastic measure" of a limiting instruction. Zafiro, 506 U.S. at 540–41.

Defendant has failed to meet the burden of showing that a miscarriage of justice would result from a joint trial. For the foregoing reasons, the Court DENIES Defendant Black's "Joint Motion to Sever Counts and Defendants Incorporated Memorandum of Law," Doc. 89.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: July 7, 2016

David S. Cayer
United States Magistrate Judge